**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50903**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: April 8, 2025** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| SHAD RUSSELL CARPENTER, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Scott Wayman, District Judge.

Judgments of conviction for two counts of possession of a controlled substance and one count of possession of drug paraphernalia, <u>affirmed</u>.

Greg S. Silvey, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Amy J. Lavin, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Shad Russell Carpenter appeals from his judgments of conviction for two counts of possession of a controlled substance and one count of possession of drug paraphernalia. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Law enforcement initiated a traffic stop for failing to make a complete stop at a stop sign and failing to use a turn signal. Carpenter was a passenger in the vehicle. The driver of the vehicle provided the officer with her identification, but Carpenter refused to provide his name or identification. The officer noticed that Carpenter was clutching a backpack between his legs. The officer worked on writing the citation for about two minutes, returned to the vehicle to confirm the driver's address, and then returned to his patrol vehicle to continue writing the citation. While the

officer was finishing the citation, another officer arrived at the scene with a drug dog. For just under nine minutes, the officer continued to work on the citation. The officer spent four of these minutes searching for the correct Idaho Code sections and answering a question from the assisting officer. Just before the officer printed the citation, the drug dog completed an open-air sniff and alerted on the vehicle. The officer then returned to the vehicle, gave the driver the citation, and informed her that they would be searching the vehicle because the drug dog had alerted. During this search, the officers found Carpenter's identification in the passenger door and confirmed his identity. The officers also found methamphetamine and a methamphetamine pipe in the backpack Carpenter had been clutching.

Carpenter was charged with two counts of possession of a controlled substance, I.C. § 37-2732(c)(1), and possession of paraphernalia, I.C. § 37-2734A(1). Carpenter filed a motion to suppress, which the district court denied after a hearing. Carpenter entered a conditional guilty plea, reserving his right to challenge the denial of his suppression motion.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

Carpenter asserts the district court erred by denying his motion to suppress because, he contends, the traffic stop was unlawfully extended so the assisting officer had time to walk the drug dog around the vehicle. The State responds that the district court did not err in finding the

2

traffic stop was not prolonged. We hold that Carpenter has failed to show the district court erred in denying his motion to suppress.[1]

A traffic stop by an officer constitutes a seizure of the vehicle's occupants and implicates the Fourth Amendment's prohibition against unreasonable searches and seizures. *Delaware v. Prouse*, 440 U.S. 648, 653 (1979); *Atkinson*, 128 Idaho at 561, 916 P.2d at 1286. Under the Fourth Amendment, an officer may stop a vehicle to investigate possible criminal behavior if there is a reasonable and articulable suspicion that the vehicle is being driven contrary to traffic laws. *United States v. Cortez*, 449 U.S. 411, 417 (1981); *State v. Flowers*, 131 Idaho 205, 208, 953 P.2d 645, 648 (Ct. App. 1998). The reasonableness of the suspicion must be evaluated upon the totality of the circumstances at the time of the stop. *State v. Ferreira*, 133 Idaho 474, 483, 988 P.2d 700, 709 (Ct. App. 1999). The reasonable suspicion standard requires less than probable cause but more than mere speculation or instinct on the part of the officer. *Id*. An officer may draw reasonable inferences from the facts in his or her possession, and those inferences may be drawn from the officer's experience and law enforcement training. *State v. Montague*, 114 Idaho 319, 321, 756 P.2d 1083, 1085 (Ct. App. 1988).

For traffic stops involving dog sniffs, the primary question is whether conducting the sniff prolonged the stop. *State v. Riley*, 170 Idaho 572, 579, 514 P.3d 982, 989 (2022). A dog sniff does not prolong the stop where one officer pursues the original objective of the stop while another officer conducts the dog sniff. *Id*. A dog sniff unlawfully extends the stop if the officer detours from the stop to request a drug dog, regardless of how fast the action is performed. *Id*.

Carpenter asserts the district court erroneously limited its inquiry to whether the officer was performing unrelated tasks that extended the stop when it should have considered whether it was appropriate for the officer to spend four minutes finding the relevant Idaho Code sections. Carpenter asserts that looking up the Idaho Code sections was unnecessary, or if necessary, took

---

[1] Although Carpenter contends that both constitutions were violated, he provides no cogent reason why Article I, Section 17 of the Idaho Constitution should be applied differently than the Fourth Amendment to the United States Constitution in this case. Therefore, this Court will rely on judicial interpretation of the Fourth Amendment in its analysis of Carpenter's claims. *See State v. Schaffer*, 133 Idaho 126, 130, 982 P.2d 961, 965 (Ct. App. 1999).

an unreasonable amount of time. Carpenter also argues that the officer walked slower while the drug dog was performing the sniff than he did before the dog was present. Having reviewed the record, this Court is not persuaded by Carpenter's arguments.

The district court reviewed the camera footage admitted as exhibits, considered the officer's testimony, and found that the officer explained every minute of the traffic stop and provided a reason for every action he took. This testimony was supported by the dash and body camera footage introduced into evidence. The district court considered the length of time it took the officer to find the relevant Idaho Code sections and determined, based on the officer's testimony, that it was reasonable. The district court also considered the officer's walking speed and was satisfied that it was reasonable in light of the officer's testimony. The district court's finding that the traffic stop was not unlawfully prolonged is supported by substantial evidence and its denial of Carpenter's motion to suppress is consistent with the applicable legal standards. Carpenter has failed to show error.

**IV.**

**CONCLUSION**

Carpenter has failed to show error in the district court's denial of his motion to suppress. Accordingly, Carpenter's judgments of conviction for two counts of possession of a controlled substance and one count of possession of drug paraphernalia are affirmed.

Chief Judge GRATTON and Judge HUSKEY, **CONCUR**.

4